

### STATE OF NEW YORK
### OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

Writer Direct: (518) 473-5097

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

June 2, 2009

VIA ELECTRONIC FILING

Hon. Lawrence E. Kahn
United States District Judge
United States District Court
Northern District of New York
Federal Buildiing and U.S. Courthouse
P.O. Box 7396
Syracuse, NY  13261-7396

*U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
JUN 03 2009
LAWRENCE K. BAERMAN, CLERK
ALBANY*

Re:   State of New York, et al. v. Kenneth L. Salazar, Secretary,
      United States Department of Interior, et al., No. 6:08-cv-00644-LEK-GJD

Dear Judge Kahn:

I write on behalf of Plaintiffs State of New York (the "State") and Madison and Oneida Counties (the "Counties") in the above-referenced action to request that the Court hold oral argument on the three sets of motions pending before the Court. This case (and the other related cases pending before this Court) challenge a decision of the United States Department of Interior ("DOI") to take approximately 13,000 acres of land located in the Counties into trust for the Oneida Nation of New York ("OIN"). That decision would have serious and permanent consequences for the economic stability and governance structure of affected communities and drastically diminish the jurisdiction of the State over land within its borders that has been governed by state law for 200 years.  In their complaint, Plaintiffs raise a number of fundamental and well founded objections to that action, including claims that challenge the constitutionality of the statute under which the DOI purports to act, the applicability of that statue even if it were to pass constitutional muster, and the arbitrary and capricious conduct of the DOI in issuing its decision.

The three pending motions, all of which are returnable on June 19, 2009, are:  (1) United States' Motion for Partial Dismissal and Defendant-Intervenor OIN's Motion to Dismiss; (2) Plaintiffs' Motion for Summary Judgment; and (3) United States' Motion to Dismiss Plaintiffs'

Writer Direct: (518) 473-5097

June 2, 2009

Supplemental Claims, and OIN's Motion to Dismiss Counts 18-22 of Plaintiffs' Second Amended and Supplemental Complaint.

The motions, which are described in more detail below, could dispose entirely, or at least significantly shape the course, of this case and related cases. The motion papers are voluminous and contain a welter of legal arguments. Plaintiffs believe that oral argument can serve to highlight the core areas of dispute and assist the Court in identifying the critical issues for decision.

For these reasons, and in view of the significance of the case to the central New York region, Plaintiffs respectfully submit that oral argument is warranted here and request that the Court entertain it.

Background and Procedural Posture

On May 20, 2008, the DOI issued its Record of Decision ("ROD"), deciding to take approximately 13,000 acres of land in upstate New York into trust for the benefit of the OIN. On June 19, 2008, the State and the Counties filed this suit challenging the ROD under the Administrative Procedure Act on a number of grounds, including that there was no statutory authority for that action.

Although the U.S. Defendants have had years to develop and assemble the administrative record on which the DOI allegedly based the challenged decision, at the start of the case it asserted that the record could not be produced until March 1, 2009. Accordingly, the case management order ("CMO") approved by Magistrate Judge DiBianco provided that the U.S. Defendants could have until that date to provide the administrative record and that motions for summary judgment (other than Plaintiffs' motion for summary judgment on their Third Causes of Action mentioned above) were deferred until October 1, 2009 to follow any required discovery.

As noted below, the issues as to which discovery is required have expanded dramatically since approval of the CMO as a result of the U.S. Defendants' actions in December 2008, which prompted the filing of Plaintiffs' supplemental claims. Nonetheless, the U.S. Defendants and the OIN have refused to consent to any discovery, which will necessitate a motion to permit such discovery.

The Pending Motions

On September 30, 2008, Defendants moved to dismiss three of Plaintiffs' causes of action, which allege that (1) 25 U.S.C. § 465, the general land into trust provision of the Indian Reorganization Act ("IRA") purportedly authorizing the DOI's determination to take 13,000 acres of land into trust for the OIN, violates the non-delegation doctrine, (2) Section 465 is an unconstitutional impingement of State sovereignty, and (3) the determination is arbitrary and capricious because it is made in violation of the Indian Gaming Regulatory Act, 25 U.S.C.

2

Writer Direct: (518) 473-5097

June 2, 2009

§ 2719, because the DOI has not complied with the prerequisites to taking land into trust for gaming purposes.

Plaintiffs moved for summary judgment on their third cause of action on November 17, 2008. In that motion, Plaintiffs demonstrate that (1) the Oneidas voted to opt out of the IRA, including Section 465, in 1936 and therefore Section 465 was not available to take land into trust for the OIN; and (2) the United States did not hold land in trust for the OIN and, therefore, 25 U.S.C. § 2202, relied on by the DOI in the ROD, did not make Section 465 available to the OIN because the OIN did not fall within the definition of "tribes" to which Section 2202 applied.

After Plaintiffs filed their motion, and before Defendants' opposition was due, counsel for the United States requested the deadline for Defendants' opposition be moved from December 19, 2008 to January 13, 2009. During the extension period, the United States notified the Court, by letter dated January 7, 2009, that the Bureau of Indian Affairs formally "acknowledged receipt of administrative custody and accountability" of an 18-acre parcel of excess federal property in Verona, N.Y. for the benefit of the OIN on December 30, 2008. This acceptance apparently completed a transaction initiated over six years earlier when the General Services Administration ("GSA") purported to transfer the parcel to the DOI in May 2002 pursuant to 40 U.S.C. § 523.

Thereafter, with the Court's consent, Plaintiffs filed their Second Amended and Supplemental Complaint, adding five causes of action challenging the 18-acre transfer. Specifically, Plaintiffs allege that: the 18-acre transfer violates the Enclave Clause of the U.S. Constitution; 40 U.S.C. § 523 is unconstitutional to the extent that it authorizes the conversion of a federal enclave into an Indian reservation or its equivalent or, alternatively, is unconstitutional because the State's consent to the United States' jurisdiction over the 18-acre parcel was conditioned upon the parcel being used for military purposes; there was no statutory authorization for the 18-acre transfer because the parcel does not lie within a current reservation; the DOI and GSA failed to comply with applicable regulations in transferring the 18-acre parcel, rendering the transfer arbitrary and capricious; and, for the same reasons that the 18-acre transfer is invalid, any future transfer of the approximately 495 acres or more of excess federal property that were part of military installations in Madison and Oneida Counties would be unconstitutional, without statutory authorization, and arbitrary and capricious.

The U.S. Defendants and the OIN then moved to dismiss the supplemental claims on April 13, 2009. The parties have stipulated to have the motions for partial dismissal, summary judgment, and dismissal of the supplemental claims all returnable on June 19, 2009.

Significance of the Motions

The motion for summary judgment, if granted, would dispose of the heart of the action – the challenge to the DOI's decision to take 13,000 acres into trust for the OIN – and would eliminate any need for the court to address the constitutional issues and the challenges to the administrative process with respect to the DOI's decision. In doing so, it would obviate the need

NEWYORK 7178780 (2K)

Writer Direct: (518) 473-5097

June 2, 2009

for the Court to determine at this time the partial motions to dismiss, and it would dispense with the need for discovery concerning the ROD at this point.

The motion to dismiss the supplemental claims also directly bears on the further course of the action. By this motion, the U.S. Defendants seek to avoid any scrutiny of the DOI's decision to take 18 acres of land into trust, despite the significance the U.S. Defendants attach to that purported transfer. Denial of the motion will confirm that Plaintiffs are entitled to challenge the conduct of the U.S. Defendant and OIN in connection with that action and will invariably impact the future of this litigation.

## Appropriateness of Oral Argument

There has been voluminous briefing on the motion – twelve briefs have been filed to date and two additional briefs will be filed by the time the motions are returnable. Although the legal arguments have been set forth at length in the briefs, we believe that the volume of briefing supports holding oral argument. Among other things, oral argument may assist the Court in zeroing on the core issues.

We also note that similar motions have been filed in related actions, challenging the DOI's decision. See Upstate Citizens for Equality, Inc. v. United States, 5:08-cv-00633-LEK-GJD; City of Oneida v. Salazar, 5:08-cv-00648-LEK-GJD; Niagara Mohawk Power Corporation v. Salazar, 5:08-cv-00649-LEK-GJD; Town of Verona v. Salazar, 6:08-cv-00647-LEK-GJD; Central New York Fair Business Association, et al. v. Salazar, 6:08-cv-00660-LEK-GJD. Holding oral argument would, Plaintiffs submit, also assist the Court in identifying the overlap between the motions filed in this, the lead case, and in the related cases, and to single out any issues that may be unique to the motions in the other actions. Oral argument involving counsel from these actions will thus allow the Court to efficiently manage the docket of all the cases challenging the DOI's actions.

Thank you for your consideration of this request.

```
***The request for oral argument
   iS GRANTED. The motion hearing
   is set for June 24, 2009 at
   1:30 P.M. in Albany.
```

Respectfully yours,

Robert A. Siegfried
Assistant Attorney General
Bar Roll #102608

```
IT IS SO ORDERED:

Lawrence E. Kahn
U.S. District Judge
Dated: June 03, 2009
        Albany, NY
```