UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK; DAVID A. PATERSON, in his capacity as Governor of the State of New York; ANDREW M. CUOMO, in his capacity as Attorney General of the State of New York; MADISON COUNTY, NEW YORK; and ONEIDA COUNTY, NEW YORK,

                                                      Plaintiffs,

– against –

KENNETH L. SALAZAR, Secretary, United States Department of the Interior; JAMES E. CASON, Associate Deputy Secretary of the Interior; P. LYNN SCARLETT, Deputy Secretary of the Interior; FRANKLIN KEEL, Eastern Regional Director, Bureau of Indian Affairs; UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS; UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES OF AMERICA; JAMES A. WILLIAMS, Acting Administrator, United States General Services Administration; UNITED STATES GENERAL SERVICES ADMINISTRATION,

                                                      Defendants,

    and

ONEIDA NATION OF NEW YORK,

                                                Defendant-Intervenor.

**Civ. Action No. 6:08 Civ. 00644 (LEK) (GJD)**

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENTER FINAL JUDGMENT ON PLAINTIFFS' SUPPLEMENTAL CLAIMS, CAUSES OF ACTION EIGHTEEN THROUGH TWENTY-TWO, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

| | |
|---|---|
| ROBERT A. SIEGFRIED<br>DAVID B. ROBERTS<br>Assistant Attorneys General<br><br>and<br><br>WHITE & CASE LLP<br>Dwight A. Healy<br>1155 Avenue of the Americas<br>New York, New York  10036-2787<br>Of Counsel<br><br>DAVID M. SCHRAVER<br>DAVID H. TENNANT<br>Of Counsel | ANDREW M. CUOMO<br>Attorney General of the State of New York,<br>Pro Se and as Attorney for the State of New York and Governor David A. Paterson<br>The Capitol<br>Albany, New York  12224<br><br><br><br>NIXON PEABODY LLP<br>Attorneys for Madison County, New York and Oneida County, New York<br>1100 Clinton Square<br>Rochester, New York  14604-1792 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 1

      A.      Procedural Posture ................................................................................................... 1

      B.      Plaintiffs' Supplemental Claims ............................................................................. 2

      C.      The State Will Suffer Prejudice If Appeal On The Supplemental Claims Is Not
             Expedited ................................................................................................................ 4

ARGUMENT .................................................................................................................................. 5

      A.      The Court Should Enter a Final Judgment Pursuant to Rule 54(b) of the Federal
             Rules of Civil Procedure ......................................................................................... 5

            1.      This Matter Involves Multiple Claims and Multiple Parties ...................... 6

            2.      The Court's Order is Final With Respect To Plaintiffs' Five
                  Supplemental Claims .................................................................................. 6

            3.      There Is "No Just Reason For Delay" In Entering Final Judgmen ............. 9

CONCLUSION ............................................................................................................................. 11

## TABLE OF AUTHORITIES

### CASES

Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997) ........................ 5-6

Capital Distribution Servs., Ltd. v. Ducor Express Airlines, Inc., 462 F. Supp. 2d 354 (E.D.N.Y. 2006) ........................................................................................................................................ 8

Computech Int'l, Inc. v. Compaq Computer Corp., No. 02 Civ 2628, 2004 WL 2291496 (S.D.N.Y. Oct. 14, 2004) ......................................................................................................... 9

Cullen v. Margiotta, 811 F.2d 698 (2d Cir. 1987) .......................................................................... 9

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1 (1980) ..................................................... 6-7, 9

DeLeonardis v. Berg, 40 F. Supp. 2d 488 (E.D.N.Y. 1999) ........................................................... 6

FTI Consulting, Inc. v. Rossi, No. 03 Civ. 4033, 2004 WL 1110426 (S.D.N.Y. May 18, 2004) ...... 9

Geneva Pharms. Tech. Group v. Barr Labs., Inc.
    2002 WL 31159048 (S.D.N.Y. Sept. 27, 2002) ............................................................... 7

Ginett v. Computer Task Group, Inc., 962 F.2d 1085 (2d Cir. 1992) ........................................ 5-7, 9

Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158 (2d Cir. 2005), cert. denied, 549 U.S. 951 (2006) ............................................................................................................... 7, 9

Gumer v. Shearson, Hammill & Co., 516 F.2d 283 (2d Cir. 1974) ................................................. 6

Info. Res., Inc. v. Dun & Bradstreet Corp., 294 F.3d 447 (2d Cir. 2002) ....................................... 5

Kahn v. Chase Manhattan Bank, 91 F.3d 385 (2d Cir. 1996) ......................................................... 7

Kane County, Utah v. Kempthorne, 2007 WL 3333268 (D. Utah Nov. 8, 2007) ............................ 7

L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81 (2d Cir. 1998) ....................................................... 9

Mason Capital, Ltd. v. Kaman Corp., 2005 WL 2850083 (D. Conn. Oct. 31, 2005) ....................... 8

O'Bert v. Vargo, 331 F.3d 29 (2d Cir. 2003) .................................................................................. 6

Presbyterian Church of Sudan v. Talisman Energy, Inc., 2006 WL 3469542 (S.D.N.Y. Dec. 1, 2006) ............................................................................................................................... 7

Rural Water, Sewer & Solid Waste Mgmt. Dist. No. 1, Logan County, Okla. v. City of Guthrie, 2008 WL 490635 (W.D. Okla. Feb. 21, 2008) ................................................................ 7

Sierra Club v. Colo. Springs Utils., 2008 WL 4197789 (D. Colo. Sept. 10, 2008) ......................... 7

Topps Co. v. Cadbury Stani, S.A.I.C., 2006 WL 3247360, at *1 (S.D.N.Y. Nov. 7, 2006), rev'd on other grounds, 526 F.3d 63 (2d Cir. 2008) ..............................................................................6

United States v. B.C.F. Oil Ref. Inc., 2007 WL 81933 (E.D.N.Y. Jan. 9, 2007) ...........................6, 8

## STATUTES AND RULES

25 C.F.R. Part 151............................................................................................................... 3-4

25 U.S.C. § 465 ("Section 465")...............................................................................................1, 8

28 U.S.C. § 1291.........................................................................................................................5, 7

40 U.S.C. § 523 ("Section 523")............................................................................................ passim

Federal Rule of Civil Procedure Rule 54(b) ................................................................. passim

## PRELIMINARY STATEMENT

The State and County Plaintiffs move this Court pursuant to Federal Rule of Civil Procedure Rule 54(b) for a final judgment on the Plaintiffs' Causes of Action Eighteen through Twenty-Two (the "Supplemental Claims") of the Second Amended and Supplemental Complaint (Docket # 94) ("SAC"), dismissed by this court's Order of September 29, 2009 ("Order")[1] on the grounds that the Plaintiffs lack standing.  As set forth in more detail below, the Supplemental Claims challenge the General Services Administration's ("GSA") December 30, 2008 transfer of 18 acres of excess federal military land located in Oneida County to the Department of the Interior ("DOI"), to be held in trust for the benefit of the Oneida Indian Nation of New York ("OIN"), purportedly pursuant to 40 U.S.C. § 523 ("Section 523").  These claims involve multiple parties and are separate and distinct from Plaintiffs' seventeen other Causes of Action challenging the United States Defendants' Record of Decision of May 20, 2008 ("ROD") that proposed to take over 13,000 acres of land owned in fee by the OIN and located in Madison and Oneida Counties into trust for the benefit of the OIN under 25 U.S.C. § 465 ("Section 465"). The Court's dismissal of Plaintiffs' Supplemental Claims for lack of standing is final as to these claims in this action and there is no just reason for delay of entry of judgment and appeal.

## STATEMENT OF FACTS

### A.   Procedural Posture

In their Amended Complaint filed on July 15, 2008 (Docket # 19), Plaintiffs asserted a number of claims challenging the ROD, including but not limited to the claim that Section 465 is an impermissible delegation of Congressional authority; Section 465 as applied by the DOI violates the 10th Amendment; Section 465 does not apply to the OIN; and the DOI's

---

[1]   A copy of the Court's decision is annexed as Exhibit A to the Affirmation of Robert A. Siegfried, dated October 14, 2009 ("Siegfried Aff.").

determination embodied in the ROD was not in accordance with the law and disregarded DOI regulations. The Amended Complaint also asserted a claim that the ROD violated the Indian Gaming and Regulatory Act. Additionally, the Amended Complaint asserted a claim that the DOI had improperly withheld documents in violation of the Freedom of Information Act.

After the original Amended Complaint was filed, and while partial motions to dismiss and for summary judgment were pending, the U.S. Defendants notified the Court, by letter dated January 7, 2009, that the BIA had "acknowledged receipt of administrative custody and accountability" of the 18 acres in trust for the benefit of the OIN on December 30, 2008, over six years after the GSA had purported to transfer the parcel to the DOI. See Ex. B to Siegfried Aff. In that letter, counsel for the U.S. Defendants stated that the "trust acquisition was mandated by 40 U.S.C. § 523, and accordingly was non-discretionary." Id.

### B. Plaintiffs' Supplemental Claims

On February 12, 2009, Plaintiffs filed the SAC. The SAC includes the five Supplemental Claims challenging the 18-acre transfer that are the subject of this motion, and are described below.

In the Eighteenth Cause of Action, Plaintiffs allege that the 18-acre transfer violates the Enclave Clause of the U.S. Constitution, which provides Congress with the power to "exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards and other needful Buildings." SAC ¶ 306. Alternatively, if the Federal Government did obtain the express consent of the State to establish a military installation on the 18 acres, the State's cession of jurisdiction was limited to the period that the United States used the land for military purposes. Id. ¶ 310.

In the Nineteenth Cause of Action, Plaintiffs allege that Section 523, the statute which the DOI cites as authority for the 18-acre transfer, is facially unconstitutional to the extent that it authorizes the conversion of a federal enclave into an Indian reservation (or its equivalent) that is fundamentally in conflict with State interests. Id. ¶ 317. In addition, Section 523 is unconstitutional as applied to the disposal of the excess property because the United States either never exercised exclusive jurisdiction and needs the State's consent to hold the land in trust for the OIN or the State's consent to the United States' jurisdiction was conditioned on the Verona Annex being used for military purposes. Id. ¶¶ 318-19.

In the Twentieth Cause of Action, Plaintiffs allege that there was no statutory authority for the transfer. Section 523, purportedly relied upon by the Defendants as support for the transfer, deals only with transfers of excess federal property within the boundaries of currently existing, recognized and occupied reservations. Id. ¶ 325. The 18-acre parcel, however, is not located within any existing, recognized and occupied OIN reservation, id. ¶ 326, thus Section 523 cannot provide statutory authority for the GSA's transfer of the 18 acres.

In the Twenty-First Cause of Action, Plaintiffs allege that in transferring and taking the 18 acres into trust, the GSA and DOI failed to comply with applicable regulations, including the DOI's land-into-trust regulations at 25 C.F.R. Part 151. Among other things, the DOI failed to give notice of the transfer of the 18 acres from the GSA and failed to expressly and fully evaluate the cumulative impacts of this additional land going into trust status in the ROD. Id. ¶ 333.

In the Twenty-Second Cause of Action, Plaintiffs allege that for the same reasons that the 18-acre transfer is invalid, any future transfer of the approximately 495 acres or more of federal property that was part of military installations in Madison and Oneida Counties would be

unconstitutional, without statutory authority, and arbitrary and capricious. Id. ¶¶ 338-39. Any potential transfer threatens Plaintiffs with irreparable harm because the governmental jurisdiction of the Plaintiffs would be substantially diminished and the OIN would be allowed to develop the land without proper oversight or compliance with state law, threatening the environment and the public health of the citizens of New York. Id. ¶ 340.

The U.S. Defendants moved to dismiss the Plaintiffs' Supplemental Claims based on lack of standing, sovereign immunity, and for failure to state a cause of action. This Court in its Order of September 29 granted the motion to dismiss these claims based solely on the Plaintiffs' alleged lack of standing. See Ex. A at 18-22. The Court rejected the State's and Counties' argument that once the land ceased to be used as a military installation jurisdiction reverted to the State and that curtailment of jurisdiction was a cognizable injury. Id. at 19-20. The Court accepted the U.S.'s argument that as the land in question was owned by the United States prior to its transfer into trust for the OIN, the Plaintiffs' alleged injury of curtailment of state and local jurisdiction was not occasioned by the recent transfer into trust for the Oneida but by ownership of the land by the United States prior to the transfer. Id. The Court found therefore, that the State and Counties alleged curtailment of jurisdiction was insufficient to establish an injury in fact. In addition, the Court rejected as speculative the Plaintiffs' allegations that the Oneida Indian Nation would develop the land in a manner that would create environmental, health and safety concerns for the State and Counties. Id. at 19-21. The Court's Order resulted in a final determination on these issues among the parties.

    **C.    The State Will Suffer Prejudice If Appeal On The Supplemental Claims Is Not Expedited**

The 18-acre parcel purportedly transfered by the GSA to the DOI for the benefit of the OIN purportedly on the basis of Section 523 is by no means the only parcel of land in New York

4

State that could be subject to such a transfer. Approximately 495 acres of additional federal land that is referenced in the Supplemental Claims is located within boundaries of what the OIN claims to be its former reservation. Upon information and belief, additional federal lands in Madison and Oneida counties may also fall within this area.

Further, there are additional federal lands located in other parts of the State that may fall within or be proximate to areas that other tribes claim to be their historic reservations, including, without limitation, the St. Regis Mohawk Tribe and the Cayuga Indian Nation of New York.

Because the Court's decision on standing has potential implications for the State's ability to challenge transfers of excess federal lands to the DOI throughout the State, the State respectfully submits that the issue of standing to challenge such transfers decided by this Court should be addressed by the Court of Appeals without delay.

## ARGUMENT

### A. The Court Should Enter a Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 54(b) permits the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" upon an express determination that there is no reason for delay. Fed. R. Civ. P. 54(b). The Second Circuit has explained that, "to permit entry of a final, immediately appealable Rule 54(b) judgment, there must be (1) multiple claims or multiple parties . . . , (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an 'express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997) (citing Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992)); see also Info. Res., Inc. v. Dun & Bradstreet Corp., 294 F.3d 447, 451 (2d

5

Cir. 2002) (same); United States v. B.C.F. Oil Ref. Inc., 2007 WL 81933, at *2 (E.D.N.Y. Jan. 9, 2007) (same); DeLeonardis v. Berg, 40 F. Supp. 2d 488, 490 (E.D.N.Y. 1999) (same).

Rule 54(b) provides the district court with latitude to achieve maximum judicial efficiency and the most efficient possible resolution of complex litigation. See Ginett, 962 F.2d at 1095. "The direction of a final judgment under the Rule lies in the discretion of the district court, is reviewable [only] for abuse, and will be upset only where, in the circumstances of the case, the direction was 'clearly unreasonable.'" Topps Co. v. Cadbury Stani, S.A.I.C., 2006 WL 3247360, at *1 (S.D.N.Y. Nov. 7, 2006) (citing O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003)), rev'd on other grounds, 526 F.3d 63 (2d Cir. 2008); see also Advanced Magnetics, 106 F.3d at 16; DeLeonardis, 40 F. Supp. 2d at 490. If the question of whether to enter final judgment is a close one, the court should err on the side of entering judgment if to do so "will make possible a more expeditious and just result for all parties." Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 286 (2d Cir. 1974). The Second Circuit has explained that the outlet provided by Rule 54(b) is particularly significant in light of the complexities of modern litigation. Ginett, 962 F.2d at 1093-97.

    1.  This Matter Involves Multiple Claims and Multiple Parties

There can be no doubt that the matter before the Court involves multiple claims and multiple parties. In fact, the case before the Court involves four plaintiffs, multiple defendants (two of whom are named only in the Supplemental Claims) and one intervenor defendant. In addition, in the SAC Plaintiffs have asserted twenty-two claims. As such, the first requirement for a Rule 54(b) judgment is satisfied.

    2.  The Court's Order is Final With Respect To Plaintiffs' Five Supplemental Claims

The second requirement for entry of final judgment under Rule 54(b) is that the judgment be considered "final." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). In order to be considered final, the decision must be made upon "a cognizable claim for relief," and there must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. The Second Circuit has elaborated that "finality" under Rule 54(b) is that "degree of finality required to meet the appealability requirements of 28 U.S.C. § 1291." Kahn v. Chase Manhattan Bank, 91 F.3d 385, 388 (2d Cir. 1996) (internal quotation omitted). "This degree of finality is defined as a judgment which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id.; see also Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 164-65 (2d Cir. 2005), cert. denied, 549 U.S. 951 (2006); Ginett, 962 F.2d at 1092 (resolution of claims final when it ends litigation of those claims on the merits and, absent appeal, claims are enforceable by writ of execution); Presbyterian Church of Sudan v. Talisman Energy, Inc., 2006 WL 3469542, at *1 (S.D.N.Y. Dec. 1, 2006).

A dismissal for lack of standing satisfies Rule 54(b)'s finality requirement. Geneva Pharms. Tech. Group v. Barr Labs., Inc., 2002 WL 31159048, at *3-4 (S.D.N.Y. Sept. 27, 2002) (The Court granted motion to enter final judgment even though claim at issue "was rejected without reaching the merits because it was determined that [plaintiff . . . lacked standing to assert the claims."); Sierra Club v. Colo. Springs Utils., 2008 WL 4197789, at *2 (D. Colo. Sept. 10, 2008) (Rule 54 (b) motion for final judgment granted where the order dismissing the plaintiffs from the case "for lack of standing is a final judgment because it is the ultimate disposition" of the plaintiffs' claims.); Rural Water, Sewer & Solid Waste Mgmt. Dist. No. 1, Logan County, Okla. v. City of Guthrie, 2008 WL 490635, at *1 (W.D. Okla. Feb. 21, 2008); Kane County,

Utah v. Kempthorne, 2007 WL 3333268, at *3 (D. Utah Nov. 8, 2007) ("the dismissal of the Counties' claims [for lack of standing and subject matter jurisdiction] represents a final judgment on those claims as to those plaintiffs"). Thus, this Court's dismissal of Plaintiffs' Supplemental Claims for lack of standing satisfies the Rule 54(b) finality requirement.

It is equally clear that the Order granting dismissal of Plaintiffs' Supplemental Claims is ripe for final judgment because the Supplemental Claims are factually and legally distinct from the remaining claims in the SAC. Indeed, in their motion to dismiss the supplemental claims the U.S. Defendants emphasize their position that the statute under which the 18-acre transfer purportedly was effected is separate and does not overlap with the statute which the DOI cites as authority in the ROD to take 13,000 acres currently owned by the OIN into trust. See Ex. C to Siegfried Aff. at 1. Specifically, Plaintiffs' first seventeen causes of action challenge transfer of 13,000 acres of fee land owned by the OIN into trust under Section 465, while the Supplemental Claims challenge transfer of a completely distinct 18-acre parcel pursuant to Section 523. Because claims regarding the Section 523 transaction are separate and distinct from the remaining claims regarding the DOI's action pursuant to Section 465, entry of final judgment on the Supplemental Claims is appropriate. Capital Distribution Servs., Ltd. v. Ducor Express Airlines, Inc., 462 F. Supp. 2d 354, 358 (E.D.N.Y. 2006).

Even in cases where a single plaintiff brings the same claim against numerous defendants, the ultimate adjudication of that claim against even one defendant is sufficiently final for purposes of Rule 54(b). See id. (holding that summary judgment on plaintiff's fraudulent conveyance claim against one out of several defendants was final for purposes of Rule 54(b) because it "left nothing for [the] court to do but execute its judgment"); see also B.C.F. Oil, 2007 WL 81933, at *2 (holding adjudicated claim between government and one defendant was final

8

because there was "no need for further litigation on the merits of the plaintiffs' case."); Mason Capital, Ltd. v. Kaman Corp., 2005 WL 2850083, at *18 (D. Conn. Oct. 31, 2005) ("Furthermore, because the Court's ruling [on plaintiffs claim for declaratory relief] ends the litigation [of that claim] on the merits and leaves nothing for the Court to do but execute the judgment, it is a final decision within the meaning of Rule 54(b)," despite continued litigation of counterclaim in the same case) (internal quotations omitted); Computech Int'l, Inc. v. Compaq Computer Corp., No. 02 Civ. 2628, 2004 WL 2291496, at *1 (S.D.N.Y. Oct. 14, 2004); FTI Consulting, Inc. v. Rossi, No. 03 Civ. 4033, 2004 WL 1110426, at *1-2 (S.D.N.Y. May 18, 2004).

Rule 54(b) requires only that one claim of a party be extinguished ("the court may direct entry on a final judgment as to one or more, but fewer than all, claims or parties").  That is plainly the case here.  When this Court issued its Order dismissing the supplemental claims, it resolved more than "at least one" of the claims in the action – it resolved all of the Plaintiffs' Supplemental Claims, and thus, resolved more than "at least one" of the claims in this action, making entry of final judgment under Rule 54(b) appropriate.  Id.

### 3. There Is "No Just Reason For Delay" In Entering Final Judgment

"Rule 54(b) permits the court to direct the entry of a final judgment only upon an express determination that there is no just reason for delay." L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 86 (2d Cir. 1998) (internal quotation omitted).  A district court may properly make a finding of "no just reason for delay" when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Grand River Enters., 425 F.3d at 165; Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987).  As the Second Circuit has recognized, when determining whether there is any just reason for delay, "[t]he proper guiding star . . . is 'the

9

interest of sound judicial administration.'" Ginett, 962 F.2d at 1095 (citing Curtiss-Wright, 446 U.S. at 8).

Sound judicial administration counsels the entry of a final judgment on the Supplemental Claims and there is no just reason for delay. The Court's dismissal of the Plaintiffs' supplemental claims on standing grounds leaves the State and Counties unable to seek redress for abuse of section 523 as to the 18-acre transfer. For this reason the Order will adversely impact the communities adjacent to the 18-acre parcel, and has broad implications for land throughout the State located within or adjacent to the claimed historic reservations of the seven federally recognized tribes in New York State.

In this case alone there are 495 acres of additional federal property adjacent to the 18 acres at issue. And there are likely to be other parcels of federal property within Madison and Oneida Counties that fall within the purportedly unextinguished reservation claimed by the OIN. The State also understands that the United States possesses federal property within the purportedly unextinguished reservation areas of other tribes such as the Cayuga Indian Nation of New York and the St. Regis Mohawks. The Court's decision that the curtailment of State and local jurisdiction to enforce State building, environmental, health and safety codes resulting from creation of Indian trust lands does not amount to a sufficient injury for the Plaintiffs to establish standing may adversely impact Plaintiffs' ability to seek recourse as to excess federal land other than the 18 acres in order to protect the health and safety of the surrounding non-Indian residents. The significant sovereignty interests of the State and County Plaintiffs weigh heavily in favor of allowing an immediate appeal.

**CONCLUSION**

For the foregoing reasons, Plaintifffs' motion should be granted and the Court should direct the Clerk to enter final judgment on the Plaintiffs' Eighteenth through Twenty-Second Causes of Action in the Second Amended and Supplemental Complaint pursuant to Federal Rule of Civil Procedure 54(b).

Dated: October 14, 2009

Of Counsel:

WHITE & CASE LLP

Dwight A. Healy, Esq.
Bar Roll No: 302232
1155 Avenue of the Americas
New York, New York  10036-2787
Tel:    212-819-8200
Fax:    212-354-8113

ANDREW M. CUOMO
Attorney General of the State of New York,
Pro Se and as Attorney for the State of New York and Governor David A. Paterson

By:    /s/ Robert A. Siegfried
    ROBERT A. SIEGFRIED, AAG
    Bar Roll No:  102608
    Tel:   518-473-5097
    E-Mail:  Robert.Siegfried@oag.state.ny.us

    DAVID B. ROBERTS, AAG
    Bar Roll No:  102455
    Tel:  518-408-2516
    E-Mail:  David.Roberts@oag.state.ny.us
Office of the Attorney General
The Capitol
Albany, New York  12224

NIXON PEABODY LLP
Attorney for Madison County, New York and Oneida County, New York

By:    /s/ David M. Schraver
    DAVID M. SCHRAVER
    Bar Roll No:  105037
    1100 Clinton Square
    Rochester, NY  14604-1792
    Tel: 585-263-1000
    E-Mail: DSchraver@nixonpeabody.com

    DAVID H. TENNANT, ESQ.
    Bar Roll No:  510527
    1100 Clinton Square
    Rochester, NY  14604-1792
    Tel: 585-263-1000
    E-Mail: DTennant@nixonpeabody.com